Cyrus M. Sanai, SB#150387
SANAIS
9440 Santa Monica Boulevard
Suite 301
Beverly Hills, California, 90210
Telephone: (310) 717-9840
cyrus@sanaislaw.com
Counsel to Peyman Roshan

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYMAN ROSHAN, an individual on behalf of himself and others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>MELANIE J. LAWRENCE, in her official capacity as CHIEF TRIAL COUNSEL, and in her personal capacity; the OFFICE OF CHIEF TRIAL COUNSEL; and DOES 1-10, individuals whose capacity is unknown.<br><br>Defendants. | Case No.: CV 18-5663<br><br>**COMPLAINT FOR:**<br><br>(1) INJUNCTIVE RELIEF FOR VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. §1983; AND<br>(2) DECLARATORY JUDGMENT UNDER 28 U.S.C. §2201 AND F.R.C.P. 57.<br><br>JURY DEMAND |

-1-
COMPLAINT

Plaintiff PEYMAN ROSHAN hereby alleges as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 USC §1331. Venue is proper in this district and Division because events that gave rise to the claim occurred in San Francisco, CA, within the Northern District of California, and defendant the OFFICE OF CHIEF TRIAL COUNSEL of the State Bar of California has offices in San Francisco.

## THE PARTIES

2. Plaintiff, PEYMAN ROSHAN ("ROSHAN"), is an attorney admitted to practice in California and various federal courts who resides in the County of Sonoma, State of California.

3. Defendant, MELANIE J. LAWRENCE ("LAWRENCE"), is currently appointed as the Chief Trial Counsel of the defendant the OFFICE OF CHIEF TRIAL COUNSEL. She is sued in her individual and personal capacities.

4. Defendant, the OFFICE OF CHIEF TRIAL COUNSEL ("OCTC"), is one of the constituent divisions of the State Bar of California. The OCTC is responsible for prosecuting attorney discipline cases under the California State Bar Act, Bus. & Prof. Code §§ 6000 et seq. (the "State Bar Act") before the Hearing Department and Review Department of the State Bar Court of the State Bar of California. The State Bar of California is an administrative agency established by the State Bar Act, which is responsible for attorney discipline under the auspices of the California Supreme Court.

5. Defendants, DOES 1-10, are individuals whose capacities and role in violating the rights of Plaintiff are unknown at this time.

## THE FACIAL CONSTITUTIONAL INADEQUACIES OF CALIFORNIA'S ATTORNEY DISCIPLINARY RULES AND PRACTICES

6. Under decades of United States Supreme Court authority, attorney discipline procedures are required to adhere to the requirements of due process reserved for the most important personal and property interests of individuals. These proceedings have been labeled "quasi-criminal", and a respondent party is entitled to notice, a full and fair opportunity to be heard, including cross-examination and to be represented by counsel, an independent and fair tribunal, the right to have process of the tribunal to obtain the presence of witnesses and production of documents to testify and be entered as evidence, and where the tribunal is not a court, meaningful judicial review.

7. Once of the the leading cases on this point is *In re Ruffalo,* 390 U.S. 544, 88 S. Ct. 1222, 20 L. Ed. 2d 117 (1968). This this case the United States Supreme Court ruled that:

> In the present case petitioner had no notice that his employment of Orlando would be considered a disbarment offense until after both he and Orlando had testified at length on all the material facts pertaining to this phase of the case. As Judge Edwards, dissenting below, said, "Such procedural violation of due process would never pass muster in any normal civil or criminal litigation." 370 F. 2d, at 462.
>
> These are adversary proceedings of a quasi-criminal nature. Cf. *In re Gault,* 387 U. S. 1, 33. The charge must be known before the proceedings commence. They become a trap when, after they are underway, the charges are amended on the basis of testimony of the accused. He can then be given no opportunity to expunge the earlier statements and start afresh.

*In re Ruffalo, supra, at* 550-551

8.  In *Ruffalo,* after the accused attorney Ruffalo testified, his testimony was used as justification for a motion to amend the notice of charges against Ruffalo, and the trial was continued for several months to permit him to put together a defense to the new charges. *Id.* Thus the explicit, specific holding of *Ruffalo* is that in an attorney disciplinary proceeding, amending the complaint after the accused has testified, even if additional time to respond is granted, is a violation of the right to notice.

9.  In a series of cases in 1989 through 1990, the California Supreme Court decided to reject *Ruffalo,* and explicitly held that what the Supreme Court ruled was unconstitutional in Ruffalo would be permitted in California attorney disciplinary proceedings:

> Petitioner contends that the review department's conclusion that he engaged in "multiple acts of misappropriation" was improper because the notice to show cause charged only a single act of misappropriation. Petitioner argues that, by making findings beyond the scope of the charging document, the review department denied him his fundamental right to notice of the charges against him and an opportunity to defend against them.
>
> An attorney may not be disciplined for a violation not alleged in the notice to show cause. (*Van Sloten v. State Bar* (1989) 48 Cal.3d 921, 928 [258 Cal. Rptr. 235, 771 P.2d 1323]; *Gendron v. State Bar* (1983) 35 Cal.3d 409, 420 [197 Cal. Rptr. 590, 673 P.2d 260].) When the evidence at the hearing discloses misconduct not charged in the original notice, the State Bar may move to amend the notice to conform to the proof; but, if the State Bar fails to do so, the attorney may be disciplined only for the misconduct alleged in the original notice. (*Ibid.; see also, Rose v. State Bar* (1989) 49 Cal.3d 646, 654 [262 Cal. Rptr. 702, 779 P.2d 761].)
>
> Although evidence of uncharged misconduct may not be used as an independent ground of discipline, it may be considered for other purposes relevant to the proceeding. (*See, e.g., Arm v. State Bar* (1990) 50 Cal.3d 763, 775 [268 Cal. Rptr. 741, 789 P.2d 922].) Here, evidence of uncharged misconduct was relevant to establish a circumstance in aggravation.

*Edwards v. State Bar* (1990) 52 Cal.3d 28, 35-36; *see also Grim v. State Bar* (1991) 53 Cal.3d 21, 33-4.

10. The California Supreme Court, by multiple published opinions, explicitly permitted the State Bar to take the actions prohibited in *Ruffalo*. Since that time, the OCTC, which under the State Bar Act is responsible for drafting the Rules of Procedure and Rules of Practice which govern all attorney discipline proceedings, has eliminated all meaningful rights to notice of charges. There are four elements to such notice:

(i) What are the FACTS that the Bar Association alleges occurred?
(ii) What are the DUTIES that the Bar Association claims were violated?
(iii) What is the EVIDENCE supporting the FACTS alleged by the Bar Association?
(iv) What is the THEORY that connects the alleged FACTS and EVIDENCE to the violation of the DUTIES?

11. Prior to 2010, the NDC was required to inform the respondent of items (i), (ii), and (iv). This obligation was set out by the State Bar Court Review Department twenty years ago in *In Re Varakin* (Review Dept. 1994) 3 State Bar Ct. Rptr. 179,185.

12. Prior to 2010 a respondent attorney could use the tools of civil discovery to learn items (i), (ii), (iii) and (iv) if the respondent attorney needed additional clarification.

13. Under the current Rules of Procedure of the State Bar Court, a respondent is only entitled to learn items (i) in an abbreviated form and (ii) from the notice of disciplinary charges ("NDC") and the preliminary notice letter. The right to use interrogatories and requests for admission have been eliminated, thus the use of discovery to supplement any inadequacy in the notice of disciplinary charges is gone. While the State Bar is required to hand over copies of the documents in its possession which may be used to support the claim, there is no obligation to explain which documents will be used to prove what facts in support of which claims.

14. The position of the OCTC is that a respondent attorney is only entitled to learn item (ii). In 2015, after the imposition of revisions to the Rules of

Procedure eliminating detailed fact pleading, the Hearing Department Judges thought this inadequate, and issued disclosure orders that require both parties to disclose items (i) and (iii), but not item (iv). Disclosure of the THEORY of the OCTC's case is necessary to allow a respondent to assemble the correct arguments and evidence to rebut it. The OCTC has demonstrated that it is perfectly willing to change its theory of the case, in violation of a respondent's due process rights, even after the trial. *See, e.g. In re Jensen,* 5 State Bar Ct. Rprtr 551 (Review Dept. 2013), slip. op. at 5 fn. 2 (noting OCTC's changing its position from conceding that misconduct did not constitute moral turpitude to arguing that it did denied Jensen procedural due process).

15. Since 2010 the OCTC caused the State Bar to materially alter the due process protections that have been present in the state bar disciplinary process for decades. The purpose of these changes has been openly declared to reduce the amount of work that the OCTC must perform in a prosecution and to increase the speed of proceedings. The undeclared but obvious purpose is to railroad innocent lawyers by eliminating their ability to contest prosecutions that are unsupported by law or evidence or obtain such dismissals at an early stage. There is no shortage of recent examples of such prosecutions. *See, e.g. In re McHugh* (Hearing Dept. July 1, 2013) Docket No. 07-O-14334-DFM; *In re Robinson* (Review Dept. Sept. 19, 2013) Case No. 12-O-10716; *In Re Bradshaw* (Review Dept. July 30, 2019) Docket No. 16-0-15558.

16. Prior to 2013, the OCTC filed complaints that laid out every factual element that the bar would seek to prove. Prior to 2010, the full panoply of civil discovery tools, including interrogatories, were available. Under the 2010, 2012, and now 2019 revised Rules, there is no right to any of the standard tools of civil discovery.

17. Prior to 2010, the combination of the fully pled complaints and

discovery tools gave both the State Bar Court and respondents a clear understanding of the version of reality and the law that the OCTC asserted is true. These rights have been erased. First, the 2010 Rules eliminated references to discovery requests such as interrogatories and requests for admission and may have erased their availability entirely. In 2013, the OCTC pushed through a revision of Rule 5.41 which replaced the existing pleading rules with California criminal notice pleading.

18.  On February 20, 2013 the former Chief Trial Counsel, Jayne Kim, sent out a memo arguing for a change in Rule 5.41 to criminal style "notice pleading." She wrote at pages 3-4 that:

> "Notice pleading" is the form of pleading that is typically used in the criminal arena and is embodied by the accusatory pleadings used in California criminal procedure. Traditionally, a "notice pleading" consists of a brief general statement of the matter involved, sufficient merely to give the opposing party reasonable notice of the claim, and omitting any detailed statement of the ultimate facts. (4 Witkin, California Procedure (5th ed. 2012) Pleading, section 379.)
>
> Presumably, this short form of pleading, as opposed to fact pleading, is sufficient in criminal cases, as opposed to a civil dispute between private parties, because the duty of all citizens to refrain from the commission of criminal acts is universal and need not be factually established in a criminal accusation to satisfy due process notice concerns. Similarly, a member's duties and oaths vis a vis the Rules of Professional Conduct and the State Bar Act are also presumed, such that facts which provide the member notice of the essential elements of the State Bar's case should be sufficient.

J. Kim, OCTC, February 20, 2013 Memo at 3-4.

19.  The Board of Trustees' RAD Committee which approves changes to the Rules of Procedure, passed this rule change even though the due process analysis is a complete fiction. *Id.*  The California Supreme Court has held that notice pleading in a criminal information is completely INADEQUATE for due process purposes and is nothing more than a formality, because

> the information has a "limited role" of informing defendant of the kinds and number of offenses; "the time, place, and circumstances of

charged offenses are left to the preliminary hearing transcript," which represents "the touchstone of due process notice to a defendant." (*People v. Jeff, supra,* 204 Cal. App.3d at p. 342; *see also People v. Thomas* (1987) 43 Cal.3d 818, 829 [239 Cal. Rptr. 307, 740 P.2d 419]; *People v. Martinez, supra,* 197 Cal. App.3d at pp. 779-780 [dis. opn.]; *People v. Gordon, supra,* 165 Cal. App.3d at pp. 868-870 [conc. opn.]; *People v. Dunnahoo, supra,* 152 Cal. App.3d at p. 571.)
*People v. Jones* (1990) 51 Cal.3d 294, 312.

20. As the *Jeff* decision endorsed by the California Supreme Court explained,

> An information which charges a criminal defendant with multiple counts of the same offense does not violate due process so long as (1) the information informs defendant of the nature of the conduct with which he is accused and (2) the evidence presented at the preliminary hearing informs him of the particulars of the offenses which the prosecution may prove at trial. (*People v. Jordan* (1971) 19 Cal. App.3d 362, 369-370 [97 Cal. Rptr. 570]; *People v. Tolbert* (1986) 176 Cal. App.3d 685, 690, fn. 2 [222 Cal. Rptr. 313].) The information plays a limited but important role — it tells a defendant what kinds of offenses he is charged with and states the number of offenses that can result in prosecution. However, the time, place, and circumstances of charged offenses are left to the preliminary hearing transcript. This is the touchstone of due process notice to a defendant. (*People v. Gordon, supra,* 165 Cal. App.3d 839, 870-871 (conc. opn. of Sims, J.).) So long as the evidence presented at the preliminary hearing supports the number of offenses charged against defendant and covers the timeframe(s) charged in the information, a defendant has all the notice the Constitution requires.

*People v. Jeff* (1988) 204 Cal. App.3d 309, 341-342.

21. The California appellate courts have repeatedly made clear that criminal notice pleading is only permissible because there is a mini-trial—the preliminary hearing—in which the prosecution must put on witnesses who are cross-examined and in which the entire theory of the case and evidence is put forward in a hearing. *People v. Jeff, supra; People v. Jones, supra.*

22. The standards for the State Bar's NDC are facially constitutionally

-8-
COMPLAINT

inadequate because there is no preliminary hearing and no right of discovery in State Bar proceedings. The current Rules of Procedure are thus facially unconstitutional in those instances where the NDC is written at the minimum required level, which is all of them, and discovery is denied or unavailable, which is all of the cases where discovery has been requested by attorneys in the past seven years.

23. Along with the power to amend the NDC after the trial has begun, the Rules of Procedure allow the OCTC to amend the NDC and add charges right up to the date of trial, and as a matter of practice, policy, and case law, no adequate time to prepare a defense to new charges is not granted.

24. The Rules of Procedure, and the Review Department case law, do not recognize a constitutional right of an attorney to be represented by counsel. Accordingly, the state bar court may refuse to hear counsel, or refuse requests for continuances required by counsel, on an arbitrary basis.

25. The pattern and practice of the State Bar courts is to limit and deny continuances when requested by a respondent attorney, but to grant them when either the OCTC or the State Bar Court judge is inconvenienced. Thus the State Bar Court judges have interrupted cases and stayed them for five years because the State Bar Court Hearing Department Judge does not wish to call particular witnesses before him, and the Hearing Department has cancelled trials en masse for its own convenience; but requests for continuances of trial and motions of weeks or months are routinely denied.

26. The State Bar Court will make rulings about the legal merits of issues involving the exclusive jurisdiction of federal courts, such as issues of patent law, copyright law, and ERISA, even where the issues involved have not been litigated in a federal proceeding, in violation of the Supremacy Clause and Congressional Legislation reserving certain issues to federal courts.

27. While the State Bar Act authorizes a respondent attorney to issue subpoenas, the Hearing Department judges do not allow a respondent to actually call witnesses for the defense if the State Bar objects, on the grounds that it is unfair to introduce evidence after the State Bar is rested. The Hearing Department Judges also do not allow a respondent attorney to enforce subpoenas to call back witnesses who have testified for the prosecution. Finally, if the witnesses files a motion to quash the subpoena, the Hearing Department Judges will not enforce the subpoena because the filing of the motion automatically stays the obligation to appear, and then the fact tha the notice date of the subpoena has passed makes, under the State Bar Hearing Departments' views, invalid.

## THE ROSHAN CASE

28. The OCTC filed disciplinary charges against ROSHAN. *In Re Roshan,* 17-O-01202; 17-0-10457. ROSHAN was denied a brief continuance of the trial to allow counsel he had hired to prepare for 90 days. Nine days before the trial begin, the OCTC amended the notice of disciplinary charges to add two new counts, and a request for a continuance based on the last-minute amendment of the NDC was denied.

29. After ROSHAN'S testimony was elicited for facts unrelated to charges in the NDC, and notwithstanding his objections to the relevance of such interrogation, his testimony was coupled with irrelevant documentary evidence and used to add discipline for uncharged misconduct, which discipline is the equivalent of adding new charges.

30. ROSHAN raised the constitutional issues in a request for review to the Review Department. In the responsive brief, the OCTC stated that the Review Department lacked jurisdiction to address any constitutional arguments.

31. Plaintiff ROSHAN files this action as a class action. There are two relevant classes of persons to be represented. First, there is the class of persons

who have been the subject of attorney discipline from and after 2010, when the Rules of Procedure were amended in a fashion to make them facially unconstitutional.  Second, there is a class of persons, of which Plaintiff ROSHAN is a member, of attorneys who are the subject of ongoing attorney discipline proceedings.

32.   Plaintiff ROSHAN is not a member of Class One, but because his interests directly align with the interests of Class One, he can and will fully vindicate the interest of Class One members.  The interests of Class Two require immediate protection, since they are subject to unconstitutional attorney discipline.  The interests of Class Two are particularly appropriate for protection by interim relief by a preliminary injunction.

33.   Because this is a facial attack on Rules and interpretation of the constitutional rights of attorney respondents by the California Supreme Court, the specific facts for any particular member of the class are irrelevant, except for illustrative purposes as to how the Rules of Procedure and California Supreme Court case law are applied in practice.  Accordingly this is a nearly perfect example of a case where a class action is appropriate, since the factual and legal issues are identical for any person pursuing a facial claim.  Moreover, there is no issue of any member "losing" a claim or being bound by a judgment that limits his or her rights against anyone in the future.

## FIRST COUNT
**INJUNCTIVE RELIEF FOR VIOLATION OF CONSTITUTIONAL RIGHTS**
(By ROSHAN as Against LAWRENCE, the OCTC, and DOES 1-10. )

34.   ROSHAN hereby incorporates by this reference paragraphs 1 through 33d as if set forth in full.

35. The Rules of Procedure of the State Bar are facially unconstitutional in the following respects:

(i) The standard of pleading, California criminal notice pleading, is unconstitutional because it provides inadequate notice and there is no preliminary hearing or right to discovery in the form of interrogatories;

(ii) The California Supreme Court has explicitly approved the practice of amending an NDC after the trial has begun, in violation of *Ruffalo;*

(iii) Even if the NDC is not amended, the California Supreme Court approves the practice of increasing the penalties to be imposed on a respondent lawyer to the same extent as if the charge were added to the NDC and proven;

(iv) The Hearing Department allows, and the Review Department affirms, the addition of new charges up to the date of trial with no adequate additional time granted to prepare defenses against the new charges;

(v) The Hearing Department and Review Department reject the existence of a constitutional right to counsel;

(vi) The Hearing Department and Review Department impose different standards for granting requests for continuances, and granting requests for delays of months to years desired by State Bar personnel, but regularly denying requests by attorney respondents;

(vii) The Hearing Department makes rulings of law, and the Review Department affirms such rulings, that are within the sole jurisdiction of federal courts;

(viii) The State Bar Court Hearing Department an Review Department do not provide respondent attorneys with enforceable rights to issue subpoenas for third party witnesses and documents.

36. The constitutional violations identified in subparagraph 35(i) is present in every single disciplinary proceeding brought by the OCTC, and every member of Class One whose case was initiated after 2013 and every member of Class Two had

his or her constitutional rights violated in this manner. The constitutional defects identified in paragraph (ii) through (viii) are so prevalent that they render the State Bar Rules of Procedure unconstitutional on an overbreadth standard, in that the applications of the Rules of Procedure are unconstitutional in a majority of the cases brought by the OCTC since 2010. ROSHAN'S constitutional rights were violated in the manner described in subparagraphs 35(ii) through (viii), and hundreds of members of Class One and dozens of members of Class Two had their constitutional rights violated in the manner described in one or more of subparagraphs 35(ii) through (viii).

37. Ordinarily, a lawsuit challenging attorney discipline proceedings while they are ongoing is prohibited by *Younger* abstention. However, *Younger* does not apply to this case for the following reasons. First, the OCTC has admitted that the ongoing proceedings do not permit ROSHAN to raise constitutional issues, and the existence of ongoing proceedings in which constitutional claims can be raised at that time is a pre-requisite of *Younger*. Second, the purpose of *Younger,* which is to give state courts the right to adjudicate constitutional claims under principles of comity, is irrelevant to this case, because the California Supreme Court has elected to defy the United States Supreme Court, and rejected *Ruffalo* years after *Ruffalo* was decided. Third, *Younger* abstention does not bar facial constitutional attacks on rules, statutes, or state law. This lawsuit is a facial attack on the Rules of Procedure of the State Bar Court, and a facial attack on California Supreme Court case law which directs and requires the State Bar Court to reject the holding of *Ruffalo*.

38. The ongoing proceedings against ROSHAN should be enjoined, and all other State Bar attorney discipline proceedings should be enjoined, until such time as the OCTC has drafted amended Rules of Procedure that grant attorney respondents the due process rights to which they are entitled, including, without limitation, the right to a preliminary hearing that is the equivalent to a criminal preliminary hearing.

## SECOND COUNT

## DECLARATORY JUDGMENT

(By ROSHAN as Against the LAWRENCE and the OCTC)

39. ROSHAN hereby incorporates by this reference paragraphs 1 through 33 and 35 to 37 as if set forth in full.

40. The Rules of Procedure and the case law of the Supreme Court of California authorizing violation of *Ruffalo, supra,* are facially unconstitutional in the respects articulated in Paragraph 35 and paragraphs 6 through 36.

41. ROSHAN is entitled to a declaratory judgment that the State Bar Rules of Procedure and Rules of Practice are facially unconstitutional, and that all attorney discipline proceedings that occurred in whole or in part after 2010 are unconstitutional and violated the due process rights of the attorney defendants. A declaratory judgment should be entered that all attorney discipline orders and judgments entered from and after 2010 other than exonerations are unconstitutional, and that all attorney discipline proceedings that are ongoing are unconstitutional.

**WHEREFORE,** Plaintiff Peyman Roshan respectfully demand the following relief on behalf of himself:

### On the First Count

1. A mandatory injunction prohibiting LAWRENCE and the OCTC from filing new charges against attorneys or advancing any cases until the Rules of Procedure are amended to satisfy due process, including, without limitation, a requirement that the Rules must be amended to include the equivalent of California criminal preliminary hearing in which OCTC must present admissible evidence sufficient to establish a probability of prevailing on each count for such count to proceeding,

after which hearing the NDC may not be amended and no additional charges from the same facts or transactions may be brought: and

2. Reasonable costs and attorney fees incurred in this action;

On the Second Count

1. A declaratory judgment against LAWRENCE and the OCTC that the State Bar Rules of Procedure and Rules of Practice are facially unconstitutional, and that all attorney discipline proceedings that occurred in whole or in part after 2010 are unconstitutional and violated the due process rights of the attorney defendants;

2. A declaratory judgment that the California Supreme Court's holding in *Edwards, supra,* and other cases cited therein, that it is permissible for the OCTC to amend a complaint to add on new charges or impose additional discipline based on testimony or documents introduced at trial is unconstitutional under *Ruffalo, supra.*

3. A declaratory judgment that establishes procedures for notice and retrial of all attorney discipline orders and judgments (other than complete exonerations); and

4. Reasonable costs and attorney fees incurred in this action.

Dated:   July 14, 2020
By: _/s/__Cyrus Sanai
CYRUS SANAI
SANAIS
Counsel for Peyman Roshan