UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYMAN ROSHAN,<br><br>Plaintiff,<br><br>v.<br><br>MELANIE J. LAWRENCE, et al.,<br><br>Defendants. | Case No. 20-cv-04770-AGT<br><br>**ORDER (1) GRANTING MOTION TO DISMISS, (2) DENYING MOTION FOR LEAVE TO AMEND, (3) DENYING MOTION TO DEFER CONSIDERATION OF MOTION TO DISMISS**<br><br>Re: ECF Nos. 9, 28, 30 |

In this action for declaratory and injunctive relief, Peyman Roshan, a California lawyer facing discipline by the State Bar of California ("State Bar") for numerous counts of professional misconduct, seeks to enjoin his ongoing disciplinary proceedings and an order declaring the State Bar's disciplinary rules and procedures unconstitutional. The State Bar's Office of Chief Trial Counsel ("OCTC") and the head of OCTC, Melanie J. Lawrence ("Defendants"), have moved to dismiss, without leave to amend, on abstention grounds under *Younger v. Harris*, 401 U.S. 37 (1971). ECF No. 9. After that motion was fully briefed, Roshan filed a motion for leave to amend (ECF No. 28), followed by a motion to defer consideration of the pending motion to dismiss until February 2021, when he believes his pending State Bar disciplinary proceedings will have concluded (ECF No. 30).[1] For the reasons that follow, the Court finds that *Younger* abstention applies and requires dismissal of this case, right now, without leave to amend and without prejudice. Defendants' motion to dismiss is therefore granted; Roshan's motions are denied.

---

[1] Pursuant to Civil Local Rule 7-1(b), the Court previously found Defendants' pending motion to dismiss suitable for decision without oral argument, *see* ECF No. 21, and likewise finds Roshan's pending motions appropriate for resolution on the papers.

## I. BACKGROUND

### A. California's Attorney Disciplinary System

Under California law, attorney disciplinary matters are handled by the State Bar, a state constitutional entity that serves as an administrative arm of the California Supreme Court. *See In re Rose*, 22 Cal. 4th 430, 438 (2000). Defendant OCTC is the department of the State Bar responsible for prosecuting attorney discipline cases in the State Bar Court, and the head of OCTC is the Chief Trial Counsel, defendant Melanie J. Lawrence.

The State Bar Court "exercises no judicial power, but rather makes recommendations to [the California Supreme Court], which then undertakes an independent determination of the law and the facts, exercises its inherent jurisdiction over attorney discipline, and enters the first and only disciplinary order." *Id.* at 436. The California Supreme Court has described the structure and process of California's attorney discipline system as follows:

> The State Bar Court Hearing Department (Hearing Department) conducts evidentiary hearings on the merits in disciplinary matters. An attorney charged with misconduct is entitled to receive reasonable notice, to conduct discovery, to have a reasonable opportunity to defend against the charge by the introduction of evidence, to be represented by counsel, and to examine and cross-examine witnesses. The Hearing Department renders a written decision recommending whether the attorney should be disciplined.
>
> Any disciplinary decision of the Hearing Department is reviewable by the State Bar Court Review Department (Review Department) at the request of the attorney or the State Bar. In such a review proceeding, the matter is fully briefed, and the parties are given an opportunity for oral argument. The Review Department independently reviews the record, files a written opinion, and may adopt findings, conclusions, and a decision or recommendation at variance with those of the Hearing Department.
>
> A recommendation of suspension or disbarment, and the accompanying record, is transmitted to this court after the State Bar Court's decision becomes final.

*Id.* at 439 (internal citations omitted and paragraph breaks added). The attorney may then file a petition for review with the California Supreme Court within 60 days after the State Bar Court files a certified copy of the decision recommending suspension or disbarment. *See id.* at 440 (citing Cal. Bus. & Prof. Code §§ 6082, 6083; Cal. R. Ct. 952(a), subsequently renumbered to Cal. R. Ct. 9.13(a)). The California Supreme Court either grants review and issues a final order or

denies review, in which case the State Bar Court's disciplinary recommendation is filed as an order of the California Supreme Court. *Id.* at 440–41 (citing Cal. R. Ct. 954, subsequently renumbered to Cal. R. Ct. 9.16). Throughout this process, the California Supreme Court retains inherent judicial authority over all attorney discipline matters. *Id.* at 442.

### B. Roshan's Ongoing State Bar Disciplinary Proceedings[2]

Plaintiff and California attorney Peyman Roshan is the subject of ongoing disciplinary proceedings in State Bar Court Case Nos. 17-O-01202; 17-O-05799 (consolidated). Compl. ¶ 28.

OCTC issued a notice of disciplinary charges ("NDC") against Roshan in December 2018, charging him with 19 counts of misconduct based on his representation of a client with whom he developed a business relationship. *See* Defs.' RJN, Exs. 1 & 2. On April 9, 2019, OCTC filed an amended NDC, adding two additional counts relating to that same matter. *See id.*; Compl. ¶¶ 28, 38. The misconduct alleged in the amended NDC included, among other things, that Roshan practiced law without authorization prior to receiving his license, failed to perform legal services with competence, engaged in improper business transactions with his client, and engaged in moral turpitude and misrepresentation. *See* ECF No. 9 at 7–8; Defs.' RJN, Ex. 1. A five-day trial began on April 18, 2019, and four months later, the State Bar Court Hearing Department issued a 46-page decision finding Roshan culpable of 12 counts of misconduct and recommending a two-year actual suspension. *See* ECF No. 9 at 8; Defs.' RJN, Ex. 2. Roshan sought review of the decision with the State Bar Court Review Department in October 2019. Defs.' RJN, Ex. 4.

On July 16, 2020—the same day Roshan filed this federal action—the Review Department

---

[2] Defendants request judicial notice of the following documents relating to Roshan's disciplinary proceedings in State Bar Court Case Nos. 17-O-01202, 17-O-05799 (consolidated): (1) OCTC's Amended Notice of Disciplinary Charges, filed April 9, 2019; (2) State Bar Court Hearing Department Decision, dated August 7, 2019; (3) Roshan's Request for Review by the State Bar Court Review Department, filed October 18, 2019; and (4) a copy of the State Bar Court docket, printed August 19, 2020. *See* ECF No. 10 ("Defs.' RJN"), Exs. 1–4. Defendants' request is granted. *See* Fed. R. Evid. 201; *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). The Court also takes judicial notice of the updated docket in State Bar Court Case Nos. 17-O-01202, 17-O-05799 (available via https://apps.statebarcourt.ca.gov/dockets.aspx) and the docket in California Supreme Court Case No. S265119 (available via https://appellatecases.courtinfo.ca.gov).

3

held oral argument in his disciplinary case. *Id.* In August 2020, the Review Department issued a decision finding Roshan culpable of seven counts of misconduct, including breach of fiduciary duty and moral turpitude by misrepresentation, and recommending that Roshan be suspended for two years. *See id*; ECF No. 30 at 3–4. The respective online dockets reflect that the State Bar Court's disciplinary recommendation and accompanying record in Case Nos. 17-O-01202, 17-O-05799 were transmitted to the California Supreme Court on October 7, 2020, and that Roshan filed a petition for review with the California Supreme Court in Case No. S265119 on December 7, 2020, which currently remains pending and has not been decided.

### C. This Action

Roshan filed the instant action on July 16, 2020, while his disciplinary proceedings were pending before the State Bar Court Review Department. He alleges that the State Bar disciplinary system is unconstitutional and deprives him and other attorney-defendants of federal due process rights. Roshan does not seek monetary damages; he asserts two claims, seeking only injunctive and declaratory relief:

1. <u>Injunctive relief for violation of constitutional rights</u>: "The ongoing proceedings against ROSHAN should be enjoined, and all other State Bar attorney discipline proceedings should be enjoined, until such time as the OCTC has drafted amended Rules of Procedure that grant attorney respondents the due process rights to which they are entitled, including, without limitation, the right to a preliminary hearing that is the equivalent to a criminal preliminary hearing." Compl. ¶ 38.

2. <u>Declaratory Judgement</u>: "ROSHAN is entitled to a declaratory judgment that the State Bar Rules of Procedure and Rules of Practice are facially unconstitutional, and that all attorney discipline proceedings that occurred in whole or in part after 2010 are unconstitutional and violated the due process rights of the attorney defendants. A declaratory judgment should be entered that all attorney discipline orders and judgments entered from and after 2010 other than exonerations are unconstitutional, and that all attorney discipline proceedings that are ongoing are unconstitutional." *Id.* ¶ 41.

He also requests attorney's fees and costs. *See id*., Prayer for Relief.

Following full briefing on Defendants' pending motion to dismiss, Roshan filed a motion for leave to "amend the complaint on or after February 4, 2021 to change the pleadings to allege that the state court proceedings are ended." ECF No. 28 at 4. The accompanying proposed amended complaint (ECF No. 28-1) is largely identical to the operative complaint except it (speculatively) alleges that Roshan's ongoing disciplinary proceedings have ended (*id.* ¶ 37); that

4

his pending, yet undecided petition for review "was denied on _____, 2021" (*id.* ¶ 30); and that "[t]he order suspending ROSHAN should be enjoined" (*id.* ¶ 38). Roshan then filed an administrative motion requesting the Court to "defer consideration of the pending motion to dismiss to February 4, 2021." ECF No. 30. Defendants oppose both motions.

## II. DISCUSSION

Defendants contend that Roshan's claims are barred and must be dismissed, without leave to amend, on abstention grounds under *Younger v. Harris*, 401 U.S. 37 (1971). The Court agrees, and finds that because *Younger* abstention is appropriate, amendment would be futile.

### A. *Younger* Abstention

"*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). "*Younger* and its progeny generally direct federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings," including "disciplinary proceedings" initiated by the California State Bar. *Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995); *see also Canatella v. California*, 404 F.3d 1106, 1110 (9th Cir. 2005) ("California's attorney discipline proceedings are 'judicial in character' for purposes of *Younger* abstention.") (citation omitted).

Under *Younger*, federal courts must abstain from exercising jurisdiction where: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so." *City of San Jose*, 546 F.3d at 1092. An exception to *Younger* abstention exists if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Id.* (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). In this case, all four requirements for *Younger* abstention are met, and no extraordinary circumstances exist.

1. Ongoing State Proceedings

It is undisputed that Roshan's State Bar disciplinary proceedings were ongoing when he filed this action—he even adds an allegation in his proposed amended complaint alleging, "[a]t the time the complaint was filed, the state court proceedings were ongoing," ECF No. 28-1 ¶ 37. *See Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1988) ("*Younger* abstention requires that the federal courts abstain when state court proceedings were ongoing at the time the federal action was filed."); *see also ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) ("[T]he date for determining whether *Younger* applies 'is the date the federal action is filed.'") (citation omitted). Roshan also concedes that the proceedings are still ongoing, as the California Supreme Court has not yet ruled on his petition for review currently pending in California Supreme Court Case No. S265119.³ *See* ECF No. 28 at 4–5; *see also Hirsh*, 67 F.3d at 712 (finding State Bar disciplinary proceedings "ongoing" for *Younger* purposes where the California Supreme Court had not yet filed an order regarding the State Bar Court's disciplinary recommendation). Roshan's "prediction" that "the California Supreme Court will deny [his] petition, baring [sic] a virtual miracle," by February 2021 (*see* ECF No. 28 at 5; ECF No. 33 at 2–3), is simply not relevant to this Court's *Younger* analysis, which is conducted "in light of the facts and circumstances existing at the time the federal action was filed." *Rynearson v. Ferguson*, 903 F.3d 920, 924 (9th Cir. 2018) (quoting *Potrero Hills Landfill, Inc. v. Cty. of Solano*, 657 F.3d 876, 881 n.6 (9th Cir. 2011)).

2. Important State Interests

It is also undisputed that Roshan's ongoing disciplinary proceedings involve important state interests. *See Hirsh*, 67 F.3d at 712 ("California's attorney disciplinary proceedings implicate important state interests."); *Middlesex*, 457 U.S. at 434 ("The State . . . has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses.").

---

³ As noted, the California Supreme Court will either grant review of Roshan's petition and issue an order of discipline, or it will deny review, in which case the State Bar Court's decision recommending suspension will be filed as an order of the California Supreme Court. *See In re Rose*, 22 Cal. 4th at 440–41; Cal. R. Ct. 9.16(b).

3. <u>Opportunity to Litigate Federal Claims</u>

Third, "California's attorney disciplinary proceedings provide [attorneys] with an adequate opportunity to litigate [their] federal constitutional claims." *Canatella*, 404 F.3d at 1111 (citing *Hirsh*, 67 F.3d at 713). Although the California Constitution precludes the State Bar Court from considering federal constitutional claims, "such claims may be raised in judicial review of the Bar Court's decision." *Hirsh*, 67 F.3d at 713; *see* Cal. R. Ct. 9.13 (providing process for petitioning the California Supreme Court for review of State Bar Court decisions). The Ninth Circuit has repeatedly held that this opportunity to seek review by the California Supreme Court "satisfies the third requirement of *Younger*." *Hirsh*, 67 F.3d at 713 (citing cases); *see Canatella*, 404 F.3d at 1111 ("Although judicial review is wholly discretionary, its mere availability provides the requisite opportunity to litigate."). The Supreme Court has also, on multiple occasions, affirmed decisions to abstain notwithstanding a state agency's inability to consider federal challenges in the initial administrative proceedings, where those challenges could be presented during state-court judicial review. *See, e.g.*, *Middlesex*, 457 U.S. at 435–36; *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629 (1986).

Roshan nevertheless contends that "California's current system of Supreme Court review fails the *Younger* test because the five articulated grounds for review [enumerated in California Rules of Court 9.16(a)] do not allow for raising federal facial arguments, overbreadth arguments, equal protection arguments, or any kind of procedural due process contention." ECF No. 17 at 23–24. The Ninth Circuit has already rejected that argument, *see Hirsh*, 67 F.3d at 713, and contrary to Roshan's contentions, *Hirsh* remains good law and is binding on this Court.[4] As the

---

[4] Roshan discusses *Hirsh* at length in his opposition and then dubiously claims that "*Hirsh* might control the outcome in this case but for the fact that five years later, intervening authority by the California Supreme Court was issued, *In re Rose*, [22 Cal. 4th 430 (2000)]." ECF No. 17 at 9; *see also id.* at 24 (arguing that "*Hirsh* and the cases which cite to it are no longer binding precedent"). These contentions—unsupported by citation to any authority—are wrong: *In re Rose* did not overrule or otherwise undermine the Ninth Circuit's key decision in *Hirsh*, and the Ninth Circuit continues to hold, relying on *Hirsh*, that attorneys facing State Bar disciplinary proceedings have adequate opportunity to raise federal constitutional claims in the California Supreme Court. *See Canatella*, 404 F.3d at 1111 (citing *Hirsh*, 67 F.3d at 711–12, 713); *see also Kay v. State Bar of California*, No. 09-cv-1135 PJH, 2009 WL 1456433, at *3 (N.D. Cal. May 21, 2009) (citing *Hirsh* and *Canatella* and reiterating that "[t]he Ninth Circuit has repeatedly held that *Younger* abstention is required where a plaintiff seeks to challenge or enjoin a pending disciplinary or other

United States District Court
Northern District of California

*Hirsh* court emphasized, "[j]udicial review is inadequate only when state procedural law *bars* presentation of the federal claims." *Id.* (emphasis in original); *see also Commc'ns Telesystems Int'l v. California Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999) ("*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings."). As the party opposing abstention, Roshan has the burden of showing "that state procedural law barred presentation of [his federal] claims." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (citation omitted). He has not met that burden.

Nothing in California's procedural rules governing review of State Bar Court disciplinary decisions precludes Roshan from raising, or the California Supreme Court from considering, his federal constitutional claims. As noted, an attorney may petition for review of a State Bar Court decision recommending disbarment or suspension under California Rules of Court 9.13(a), as Roshan has done here. The California Supreme Court then "thoroughly review[s] the attorney's contentions [presented in the petition] and the entire record, and reach[es] an independent determination whether he or she should be disciplined as recommended." *In re Rose*, 22 Cal. 4th at 457. California Rules of Court 9.16(a)—the rule Roshan erroneously claims is a "procedural barrier" to raising his federal constitutional arguments—simply sets forth the five circumstances in which the California Supreme Court "will order review" of the State Bar Court's decision (*e.g.*, "when it appears . . . [n]ecessary to settle important questions of law" or that the "[p]etitioner did not receive a fair hearing" Cal. R. Ct. 9.16(a)). Moreover, the California Supreme Court has made clear that it "retain[s] inherent authority to grant review in any disciplinary matter, *notwithstanding the criteria set forth in [that] rule*." *In re Rose*, 22 Cal. 4th at 459 (emphasis added); *see also id.* at 441 ("Under the present scheme, we expressly retain the authority both to grant review of any petition and to review any disciplinary recommendation on our own motion."). In short, "[t]he fact that review is discretionary does not bar presentation of [Roshan's] federal claims—[he] can raise the claims in a petition for review." *Hirsh*, 67 F.3d at 713.

---

proceeding by the State Bar of California"); *Robinson v. California State Bar*, No. 15-mc-80129-JD, 2015 WL 3486724, at *3 (N.D. Cal. May 28, 2015) (collecting cases holding same). Unfortunately for Roshan, *Hirsh* does control the outcome in this case and requires dismissal.

Relatedly, the fact that Roshan "withdrew and reserved all constitutional arguments" in the State Bar Court proceedings and "only addresses non-constitutional issues" in his pending petition for review does not change the analysis.[5] ECF No. 30 at 4. His "failure to avail himself of the opportunity [to raise federal claims] does not mean that the state procedures are inadequate." *Gilbertson v. Albright*, 381 F.3d 965, 983 (9th Cir. 2004) (en banc) (citing *Juidice v. Vail*, 430 U.S. 327, 337 (1977)); *see also Pennzoil*, 481 U.S. at 15 ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy."). What matters is Roshan could have presented his constitutional claims to the California Supreme Court. "No more is required to invoke *Younger* abstention." *Juidice*, 430 U.S. at 337.

Roshan also argues that the absence of recent California Supreme Court decisions granting petitions for review raising federal constitutional issues in State Bar Court proceedings is proof "that no such review is available." ECF No. 17 at 16–17. This argument is unpersuasive. To start, "[t]he fact that state courts may reject (or have rejected) arguments on the merits [] does not mean those courts have deprived a plaintiff of the *opportunity* to make the argument." *Dubinka v. Judges of Superior Court of State of Cal. for Cty. of Los Angeles*, 23 F.3d 218, 224–25 (9th Cir. 1994) (emphasis in original; ellipsis and citation omitted) (applying *Younger* even though state courts are compelled to reject a federal constitutional claim under state precedent; relying on absence of procedural bar to raising the federal claim). And more importantly, refusing to abstain here "would require presuming that the California Supreme Court will not adequately safeguard federal constitutional rights, a presumption the U.S. Supreme Court squarely rejected in *Middlesex*, 457 U.S. at 431." *Hirsh*, 67 F.3d at 713; *see also Confederated Tribes of Colville Reservation v. Superior Court of Okanogan Cty.*, 945 F.2d 1138, 1141 (9th Cir. 1991) (noting "[t]he supremacy clause of the Constitution requires state judges to discern and apply federal law

---

[5] The Ninth Circuit has rejected attempts by plaintiffs to evade *Younger* abstention by declining to pursue their federal claims in state court proceedings. *See, e.g., Beltran*, 871 F.2d at 783 & n.8. (explaining that "when *Younger* abstention applies, federal plaintiffs cannot reserve their federal claim from state court adjudication for later decision by the federal court"; "*Younger* abstention requires dismissal of the federal complaint [and] [t]he federal plaintiff must submit all claims, including any federal claims, to the state court").

9

where it is controlling"; rejecting argument based on presumption that state judges "will not do so unless a federal court tells them to"). This the Court declines to do.

### 4. Interference

The fourth and final *Younger* requirement—that the federal action "would 'interfere' with the ongoing state proceeding (i.e., enjoin or have the practical effect of enjoining the proceeding)"—is also satisfied here. *City of San Jose*, 546 F.3d at 1095–96 (citation omitted). Roshan seeks, among other equitable relief, an injunction stopping Defendants from advancing his and all other attorney disciplinary proceedings and an order declaring California's attorney discipline system unconstitutional.

### 5. Extraordinary Circumstances Exception

Even when the requirements for *Younger* abstention are satisfied, federal intervention may be appropriate if the "state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist," *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003), like when a state statute "flagrantly and patently" violates "express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever" it is applied," *Younger*, 401 U.S. at 53–54 (citation omitted). Roshan argues that the "bad faith" and "extraordinary circumstances" exceptions to *Younger* apply here because, according to him, the State Bar procedural rules are "plainly unconstitutional" and devoid of federal due process protections. *See* ECF No. 17 at 21–24. These unsupported contentions fall woefully short of establishing an exception for bad faith or any other extraordinary circumstance.

Bad faith in the *Younger* context "means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction," and requires "evidence of bad faith, such as bias against Plaintiff, or of a harassing motive." *Baffert*, 332 F.3d at 621. There are no allegations (let alone evidence) to that effect here, and nothing in the record suggests that the State Bar pursued disciplinary charges against Roshan without reasonable expectation of success, or solely to harass him. *See Juidice*, 430 U.S. at 338 (holding that "unless it is *alleged and proved* that [state adjudicators] are enforcing the [state] procedures in bad faith or are motivated by a desire to harass," federal courts must abstain under *Younger*) (emphasis added). To the extent

Roshan's rambling diatribes about the California Supreme Court's alleged refusal to protect federal constitutional rights (*see, e.g.*, ECF No. 17 at 8–25; Compl. ¶¶ 9–10, 19, 33, 35, 37) can be construed as an attempt to allege bias, Roshan likewise "fails to offer any 'actual evidence' to overcome the 'presumption of honesty and integrity in those serving as adjudicators.'" *Canatella*, 404 F.3d at 1112 (quoting *Hirsh*, 67 F.3d at 713–14).

Roshan's claim that State Bar rules are "plainly unconstitutional" also "does not, by itself, support an extraordinary circumstances exception to *Younger* abstention." *Id.*; *see also Baffert*, 332 F.3d at 621 (noting that the Supreme Court "has repeatedly rejected the argument that a constitutional attack on state procedures themselves automatically vitiates the adequacy of those procedures for purposes of the *Younger-Huffman* line of cases") (citation and internal quotation marks omitted). And Roshan has not come close to demonstrating that *Younger's* rare exception for "flagrantly and patently" unconstitutional statutes—i.e., statutes that are "violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever" they might be applied—is implicated here. *Younger*, 401 U.S. at 53–54. This exception is "very narrow" and may not be utilized "if the constitutionality of the state statute is unclear or if the statute may be applied constitutionally in some cases." *Dubinka*, 23 F.3d at 225. For instance, Roshan alleges "the applications of the [State Bar Court's] Rules of Procedure are unconstitutional *in a majority of the cases* brought by the OCTC since 2010." Compl. ¶ 36 (emphasis added); *see also id.* ¶¶ 22–27 (listing "instances" and "cases" in which the State Bar rules allegedly violate constitutional rights). Thus, by his own implicit admission, the State Bar rules are not patently unconstitutional in "*every* clause, sentence and paragraph" and in "*whatever* manner and against *whomever*" they are applied. *See Dubinka*, 23 F.3d at 225 (holding that, "even if appellants are correct that some applications of Proposition 115 are unconstitutional, the [challenged] provisions are not so 'flagrantly and patently' unconstitutional as to invoke federal jurisdiction"). And in any event, the Ninth Circuit has previously found that California's State Bar rules do not fall within the patently unconstitutional exception contemplated by *Younger*. *See Hirsh*, 67 F.3d at 714; *see also Canatella*, 404 F.3d at 1112.

In sum, Roshan has not demonstrated that any extraordinary circumstances exist here that

would warrant departure from the "longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43.

* * *

Having determined that *Younger* applies without exception, abstention in favor of the state proceedings is required. Because Roshan seeks injunctive and declaratory relief but not damages, the Court must abstain permanently and dismiss this action. *See Gilbertson*, 381 F.3d at 981 ("When an injunction is sought and *Younger* applies . . . dismissal (and only dismissal) is appropriate.").[6]

### B.     Motion for Leave to Amend

Given that this action is barred by *Younger* abstention, Roshan's motion for leave to file an amended complaint is denied as futile.[7] *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (affirming denial of leave to amend "where the amendment would be futile or where the amended complaint would be subject to dismissal").

Roshan argues, incorrectly, that "[e]ven if this Court does decide that abstention is appropriate, it can simply elect to stay the action until the California Supreme Court has acted on Plaintiff's petition for review, then grant leave to amend, or defer its decision [on the motion to dismiss"] as requested in the pending motion to defer." ECF No. 33 at 9. Under binding precedent, neither course of action is permissible: "Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires

---

[6] In contrast, when damages are sought and *Younger* applies, "an abstention-based stay order, rather than a dismissal, is appropriate." *Gilbertson*, 381 F.3d at 975.

[7] Because *Younger* abstention is appropriate, the Court finds it unnecessary to address Defendants' arguments against amendment. The Court does note, however, that Defendants are correct that Roshan's motion to amend is improper because the proposed amended complaint—which Roshan seeks to file "on or after February 4, 2021," when he prophesizes the California Supreme Court will have denied his pending petition for review—is incomplete, leaving a placeholder for a future date (*see* ECF No. 28-1 ¶ 30, "ROSHAN filed a petition for review with the California Supreme Court, which was denied on _____, 2021"), and impermissibly pleads speculative possible future events (*see, e.g., id.* ¶ 37 "while this action was proceeding, the state court proceedings ended") as facts. ECF No. 29 at 2.

*dismissal* of the federal action." *Beltran*, 871 F.2d at 782 (emphasis in original);[8] *see also Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) ("*Younger v. Harris* contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts.").

### III. CONCLUSION

For the reasons set forth above, the Court declines to exercise jurisdiction in this case under the *Younger* abstention doctrine. Defendants' motion to dismiss (ECF No. 9) is granted; Roshan's motion for leave to file an amended complaint (ECF No. 28) is denied as futile; Roshan's motion to defer consideration of the motion to dismiss (ECF No. 30) is denied as moot; and all other pending motions are denied as moot. The Clerk of the Court is directed to enter judgment of dismissal without prejudice and close the case file.

**IT IS SO ORDERED.**

Dated: January 18, 2021

ALEX G. TSE
United States Magistrate Judge

---

[8] Roshan cites to this portion of *Beltran* in his untimely filed reply in support of leave to amend and, citing inapposite decisions, argues that "this Court is barred from relying on *Beltran*" because "*Beltran* and the cases it relies upon have been invalidated by intervening United States Supreme Court and en banc Ninth Circuit opinions." ECF No. 33 at 4, 7. These arguments are rejected as meritless.