UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYMAN ROSHAN,<br><br>Plaintiff,<br><br>v.<br><br>MELANIE J. LAWRENCE, et al.,<br><br>Defendants. | Case No. 20-cv-04770-AGT<br><br>**ORDER DENYING PLAINTIFF'S POST-DISMISSAL MOTION**<br><br>Re: ECF No. 37 |

On January 18, 2021, the Court granted defendants' motion to dismiss Peyman Roshan's complaint without leave to amend on *Younger* abstention grounds. ECF No. 34. Judgment was entered the next day and the matter was closed. ECF No. 35. On February 16, 2021, Roshan filed an "Amended Motion for New Trial, to Alter and Amend Judgment, and for Relief from Order or Judgment" pursuant to Federal Rules of Civil Procedure 59(a), 59(e), and 60(b). ECF No. 37. Defendants oppose the motion. ECF No. 38. Pursuant to Civil Local Rule 7-1(b), the Court found this matter suitable for resolution without oral argument and vacated the hearing. For the reasons that follow, Roshan's motion is denied.

\* \* \*

As an initial matter, Roshan's request for a new trial under Rule 59(a) is procedurally inappropriate. A Rule 59(a) motion for new trial "is only proper where the claims subject to the motion were adjudicated *in a trial* in the first instance." *United States v. Shiozawa*, 2014 WL 522001, at \*1 (N.D. Cal. Jan. 2, 2014); *see Merrill v. Cty. Of Madera*, 389 F. App'x 613, 615 (9th Cir. 2010) ("[A] Rule 59(a) motion for new trial is not available on claims or causes of actions for

which Plaintiffs never received a trial."). There was no trial in this case—Roshan's claims were dismissed at the pleadings stage—so Rule 59(a) does not apply.

Roshan also moves the Court to "alter or amend the judgment [of dismissal] by vacating it" under Rule 59(e) or Rule 60(b). ECF No. 37 at 8. Rule 59(e) allows a party to seek alteration or amendment of a judgment within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). While a district court has "considerable discretion" in deciding a Rule 59(e) motion, "amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Id.* (citation omitted); *see Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).

Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted); *see Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n.1 (9th Cir. 1989) (noting that Rule 60(b) relief is "extraordinary" and "may be granted only upon an adequate showing of exceptional circumstances"). Motions for relief from judgment pursuant to Rule 60(b) are also "committed to the sound discretion of the trial judge." *Blair v. Shanahan*, 38 F.3d 1514, 1518 (9th Cir. 1994).

Here, Roshan has not met his burden to establish a basis for reconsideration under either Rule 59(e) or Rule 60(b). Roshan does not present any new evidence or identify any intervening change in controlling law. Instead, he argues that the Court "erred, on two related grounds" in dismissing his complaint pursuant to the *Younger* abstention doctrine:

> [First, t]he Court held that under *Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708 (9th Cir. 1995) California provided adequate opportunity to raise federal claims and the Court found that no exceptional circumstances existed.
>
> [Second, i]n making its ruling, the Court ignored the judicially noticeable fact that the California Supreme Court has refused to follow binding United States Supreme Court precedent, namely *In re Ruffalo*, 390 U.S. 544 [] (1968). Because the California Supreme Court rejects binding precedent, *Younger* does not apply.

ECF No. 37 at 3. Roshan goes on to copy and paste pages of argument from his brief in opposition to defendants' motion to dismiss, *see id.* at 5–6 (block quoting ECF No. 17 at 21–23), and then emphasizes that the gravamen of his present motion "is that because the California Supreme Court rejects stare decisis as it applies from the United States Supreme Court to its regulation of attorneys, the conditions for application of *Younger* abstention are not met, and/or the extraordinary circumstances exception applies," ECF No. 40 at 6. The Court considered, and rejected, these precise arguments in its order granting defendants' motion to dismiss, *see* ECF No. 34 at 7–12, and a motion for reconsideration "may not be used to relitigate old matters," *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

      Roshan's disagreement with the Ninth Circuit's controlling decision in *Hirsh* and this Court's reliance on that controlling authority does not constitute manifest error. A manifest error "is not merely one in which the party disagrees with the Court," nor is it "demonstrated by the disappointment of the losing party"; instead, it "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court.'" *Rupert v. Bond*, 2015 WL 78739, at *2 (N.D. Cal. Jan. 6, 2015) (citations omitted); *see also Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 232 (D. Ariz. 2012) ("[S]imply stating, as plaintiff does, that a given finding was 'manifestly erroneous,' does not make it so.").

      Roshan also argues, unpersuasively, that the Court's "refusal to address [his] argument regarding *Ruffalo*"—i.e., that the "California Supreme Court refuses to follow *Ruffalo*" and "[t]herefore [Roshan] has made the prima facie showing that 'the California Supreme Court will not adequately safeguard federal constitutional rights'"—"meets the standard to amend the judgment under Rule 59(e)." ECF No. 37 at 7 (quoting *Hirsh*, 67 F.3d at 713). As noted above,

the Court carefully considered Roshan's arguments regarding the inapplicability of *Younger* abstention—including his claims that the California Supreme Court refuses to safeguard federal constitutional rights—and rejected those arguments. *See* ECF No. 34 at 7–12. The fact that the Court did not expressly mention or cite *Ruffalo* in the dismissal order does not, as Roshan contends, mean that the Court failed to address his arguments regarding *Ruffalo*. To the contrary, the Court unequivocally held, relying on the Ninth Circuit's controlling decision in *Hirsh*, that

> ***refusing to abstain here "would require presuming that the California Supreme Court will not adequately safeguard federal constitutional rights, a presumption the U.S. Supreme Court squarely rejected in Middlesex***, 457 U.S. at 431." *Hirsh*, 67 F.3d at 713; *see also Confederated Tribes of Colville Reservation v. Superior Court of Okanogan Cty.*, 945 F.2d 1138, 1141 (9th Cir. 1991) (noting "[t]he supremacy clause of the Constitution requires state judges to discern and apply federal law where it is controlling"; rejecting argument based on presumption that state judges "will not do so unless a federal court tells them to"). ***This the Court declines to do***.

*Id.* at 9–10 (emphasis added).

In short, a motion for reconsideration "may not be used to get a second bite at the apple," *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016), and that is exactly what Roshan's motion attempts to do here. *See Interior Glass Sys., Inc. v. United States*, 2017 WL 1153012, at *3 (N.D. Cal. Mar. 28, 2017) ("Rule 59(e)'s purpose 'is not to give an unhappy litigant one additional chance to sway the judge.'") (citation omitted). "Arguments that a court was in error on the issues it considered should be directed to the court of appeals." *Kuklok v. United States Dep't of Veterans Affs.*, 2020 WL 6873426, at *2 (N.D. Cal. Nov. 23, 2020).

\* \* \*

For the foregoing reasons, Roshan's motion for relief pursuant to Rule 59(a), Rule 59(e), and Rule 60(b) is denied.

**IT IS SO ORDERED.**

Dated: March 27, 2021

ALEX G. TSE
United States Magistrate Judge