UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYMAN ROSHAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MELANIE J. LAWRENCE, et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-04770-AGT<br><br>**ORDER DENYING PLAINTIFF'S RULE 60(b) MOTION**<br><br>Re: Dkt. No. 46 |

Plaintiff Peyman Roshan moves for relief from judgment under Federal Rules of Civil Procedure 60(b)(2) and (b)(3) based on alleged newly discovered evidence and fraud/misconduct by defendants. Dkt. 46; *see also* Dkt. 35 (judgment). The parties' familiarity with the record, including the Court's orders dismissing this case on *Younger* abstention grounds and denying Roshan's motion for reconsideration (Dkts. 34 & 43), is assumed. Relief from judgment is denied.[1]

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Relevant here, Rule 60(b)(2) permits relief from judgment based on "newly discovered evidence,"

---

[1] Roshan filed the instant Rule 60(b) motion nine months after filing a notice of appeal of the underlying dismissal order and judgment. *See* Dkt. 44. That appeal remains pending before the Ninth Circuit. Although generally "the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal," *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997), a district court nonetheless retains jurisdiction to deny a timely-filed Rule 60(b) motion, *see* Fed. R. Civ. P. 62.1(a)(2); *Out of the Box Enterprises, LLC v. El Paseo Jewelry Exch., Inc.*, 737 F. App'x 304, 305 (9th Cir. 2017). The Court exercises its discretion to do that here.

and Rule 60(b)(3) allows relief for "fraud, . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b).  Roshan contends that both grounds for relief are "equally available" in this case due to alleged "past and ongoing concealment of corruption in the State Bar which resulted in this Court not having the full facts for evaluating *Younger* abstention." Dkt. 46 at 7; Dkt. 49 at 5.  He argues that "new facts" regarding the alleged corruption surfaced after entry of judgment, when the *Los Angeles Times* published a series of articles which, in Roshan's view, "demonstrated that the Office of Chief Trial Counsel and the State Bar Court had been corrupted by famed Los Angeles litigator Thomas Girardi." Dkt. 46 at 3.  Roshan further argues that defendant Melanie Lawrence, whom he sued in her capacity as the head of defendant Office of Chief Trial Counsel, "committed misconduct" because she "was a direct witness to, and participant in, the corruption committed by Girardi but took no action to expose it or any other corrective action until after the *Los Angeles Times* published its articles." *Id.*  None of these contentions has merit and, contrary to Roshan's claims, relief is not warranted pursuant to either Rule 60(b)(2) or (b)(3).

    To obtain relief on the basis of newly discovered evidence under Rule 60(b)(2), Roshan "must show the evidence (1) existed at the time of [judgment], (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (citation omitted).  He has not done so.  Even if the *Los Angeles Times* articles that Roshan construes to establish corruption could constitute "newly discovered evidence" under Rule 60(b)(2), they would have no effect whatsoever on the disposition of this case.  Roshan's arguments otherwise—that this "new evidence" of purported corruption in the State Bar somehow proves that "the availability of review at the California Supreme Court level does not suffice to protect constitutional rights," Dkt. 46 at 7—are merely a repackaging of his prior unsuccessful arguments against *Younger* dismissal.  But Roshan's disagreement with this Court's *Younger* abstention ruling, and reassertion of arguments previously considered and rejected, do not constitute grounds for relief under Rule 60(b).  *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (affirming denial of Rule 60(b) motion where

movants "simply reargued their case"). And Rule 60(b) is not a substitute for an appeal. *McCarthy v. Mayo*, 827 F.2d 1310, 1318 (9th Cir. 1987).

Roshan is also not entitled to relief under Rule 60(b)(3) because he has not proven "by clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct," or that any conduct on the part of defendants prevented him "from fully and fairly presenting his case or defense." *Jones*, 921 F.2d at 878–79; *see also In re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403, 1405 (9th Cir. 1987) (explaining that Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect"). Roshan offers no evidence to support his conclusory allegations of fraud, misrepresentations, and misconduct by defendants. These allegations are rejected, and Roshan's motion for relief from judgment under Rule 60(b) is denied in its entirety.

**IT IS SO ORDERED.**

Dated: September 2, 2022

ALEX G. TSE
United States Magistrate Judge

3