UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEYMAN ROSHAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GEORGE S. CARDONA, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-04770-AGT<br><br>**ORDER ON MOTION FOR RELIEF FROM JUDGMENT**<br><br>Re: Dkt. No. 81 |

　　　　Peyman Roshan filed this action to enjoin State Bar disciplinary proceedings and to obtain an order declaring State Bar disciplinary rules and procedures unconstitutional. The Court held that *Younger* abstention applied and dismissed the case. Dkt. 34. The Ninth Circuit affirmed, and the Supreme Court denied Roshan's petition for certiorari. Dkts. 58, 74.

　　　　Roshan now moves for relief from judgment under Rule 60(b)(6), based on an alleged intervening change in the law. The decisions he relies upon, *Williams v. Reed*, 145 S. Ct. 465 (2025), and *Seattle Pacific University. v. Ferguson*, 104 F.4th 50 (9th Cir. 2024), didn't change the law applicable to his claims.

　　　　*Williams* addressed state administrative exhaustion requirements, not abstention. *See* 145 S. Ct. at 470. The decision isn't controlling here. The Ninth Circuit recently reached the same conclusion in another case filed by Roshan, in which he sought to enjoin the California

Department of Real Estate's disciplinary proceedings against him. *See Roshan v. McCauley*, 130 F.4th 780 (9th Cir. 2025). The Ninth Circuit affirmed the district court's dismissal of Roshan's case based on *Younger* abstention, explaining that *Williams*, which postdated the district court's decision, did "not change the calculus" because "[u]nlike *Williams*, this case concerns not exhaustion but abstention." *Id.* at 782 n.1.

In *Seattle Pacific*, the Ninth Circuit held that a state attorney general's investigation didn't warrant *Younger* abstention because it didn't constitute a judicial or quasi-judicial proceeding. *See* 104 F.4th at 63–65. That decision isn't controlling either, because Roshan asked the Court to enjoin State Bar disciplinary proceedings, which are "judicial in character." *Hirsh v. Justices of Supreme Ct. of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995). *Younger* applies in the latter context. *See id.* at 712–14.

Moreover, after the Ninth Circuit affirmed the judgment in this case, denied Roshan's petition for rehearing, and issued its mandate, Roshan, on two occasions, moved to recall the mandate, the second time based on *Seattle Pacific*. *See* Case No. 21-15771, Dkts. 165, 171 (9th Cir. Apr. 28, 2021). The Ninth Circuit denied both motions. *See id.*, Dkts. 167, 173. In effect, then, the Ninth Circuit has already determined that *Seattle Pacific* doesn't change the law in a manner that would warrant reconsideration of Roshan's claims.

Roshan's motion for relief from judgment is denied.

**IT IS SO ORDERED.**

Dated: May 27, 2025

Alex G. Tse
United States Magistrate Judge